[Civ. No. 2181. First Appellate District.—December 11, 1917.]

In the Matter of the Application of ALAMEDA COUNTY BAR ASSOCIATION for the Disbarment of E. HUFFAKER.

ATTORNEY AT LAW—DISBARMENT—UNPROFESSIONAL CONDUCT INVOLVING MORAL TURPITUDE—INSUFFICIENCY OF EVIDENCE.—In this proceeding for the disbarment of an attorney at law upon the charge of unprofessional conduct involving moral turpitude, the evidence is held insufficient to sustain the charge, although he attempted to avoid a judgment obtained against him in a civil action by deeding his property to his wife and filing a petition in bankruptcy.

ID.— NATURE OF ACCUSATION — BENEFIT OF DOUBTS.— An accusation against an attorney in disbarment proceedings is in the nature of a criminal charge, and all intendments are in favor of the accused, and he should be given the benefit of doubts arising from conflict of evidence.

PROCEEDING for the disbarment of an attorney at law.

The facts are stated in the opinion of the court.

C. L. Colvin, Phil M. Carey, and Walter J. Burpee, for Bar Association.

Rodolph Hatfield, and E. Huffaker, for Respondent.

THE COURT.—This is a proceeding for the disbarment of E. Huffaker, an attorney at law, upon the application of the Alameda Bar Association.

The charge upon which the accusation is founded recites that the accused, while acting as attorney for one John Gray, was guilty of unprofessional conduct involving moral turpitude and dishonesty. The facts as alleged in the accusation may be stated in substance as follows:

The accused was employed by Gray as an attorney to represent him in certain litigation in which Gray was involved, and that during the course of the employment Gray deeded to the accused certain real property to be held in trust by him for the purpose of disposing of the same and turning the proceeds over to said Gray. Subsequently Gray was convicted of a felony and sentenced to the state penitentiary. That during the time he was serving his term Huffaker fraudulently and unlawfully, and without the knowledge or consent of Gray, mortgaged the property so conveyed to him in trust for the sum of one thousand eight hundred dollars and converted the same to his own use. That thereafter Gray commenced an action for the recovery of this amount, in which action it was determined that Gray was indebted to Huffaker for legal services rendered in the sum of $1,247.15, and that $284 had been paid thereon, leaving a balance due from Gray to Huffaker on account of such services in the sum of $963.15, and judgment was thereupon rendered in favor of Gray for a balance of $832. No motion for a new trial was ever made in this action and no appeal taken from this judgment. Upon the rendition of the judgment Huffaker deeded all his property to his wife, and filed a petition in bankruptcy, and listed the said judgment in favor of Gray as his only debt, for the purpose, it is alleged, of defeating the same.

It further appears from the accusation that a portion of the sum of one thousand eight hundred dollars so obtained by Huffaker was delivered to Jennie B. Huffaker, his wife, which portion was used by her to satisfy a mortgage existing against property owned by her.

Thereafter Gray brought a second action against both Huffaker and his wife, in which action the trial court found that Huffaker had wrongfully received the sum of $836.35 from Gray, and that said sum was used for liquidating an indebtedness upon property belonging to his wife, and rendered judgment against the Huffakers in said amount.

By reason of the above-enumerated facts it is prayed that the license of accused to practice law be revoked and that he be disbarred as an attorney at law.

By his answer Huffaker admits the receipt of the sum of one thousand eight hundred dollars, but denies that he ever

held the same as trustee for Gray, but, on the contrary, claims the same as attorney's fees due him from Gray.

At the hearing of this application Huffaker testified in effect that he had represented Gray in nine actions, criminal and civil, besides rendering him other services of a legal nature; and that after the conviction of Gray upon a felony charge, and during his incarceration in San Quentin, Gray had expressly agreed to pay the sum of $1,750 in full satisfaction of this claim, and had authorized Huffaker to mortgage the property held in trust by him for this amount, and to pay himself out of the funds so received, and to convey the property subject to the mortgage to one Anderson—which was done. On the other hand, Gray, while admitting the demand of Huffaker and of an indebtedness in some amount, denied that he ever agreed to pay the sum of $1,750, or that he had ever authorized a hypothecation of his property. He admitted, however, that he had authorized the conveyance to Anderson. This is the only oral testimony directly upon the subject. The dispute over the transactions between Gray and the accused has been the subject of extended litigation before the courts; and while it has finally been determined that the amount claimed by Huffaker was in excess of that to which he was entitled, still we cannot say from the evidence presented in the record before us in this particular proceeding that there was moral turpitude or dishonesty practiced on the part of Huffaker. True, the evidence of Gray supports the charge, but it is in direct conflict with that of the accused, and is impaired by reason of the fact that Gray has been convicted of a felony.

An accusation against an attorney in disbarment proceedings is in the nature of a criminal charge, and all intendments are in favor of the accused (*In re Haymond,* 121 Cal. 385, [53 Pac. 899]), and he should be given the benefit of doubts arising from conflict of evidence. (*In re Stephens,* 84 Cal. 81, [24 Pac. 46].)

The further act of the accused in deeding his property to his wife and filing his petition in bankruptcy for the purpose of attempting to defeat the original judgment is, in the absence of an explanation, subject to adverse criticism. This is conceded by the accused; but as an excuse for these acts on his part he testified that during the trial of the original action against him and at the time of the acts complained of he was

physically and mentally ill, and that his judgment was thereby impaired. In this he is corroborated by his physician, and this evidence is not contradicted. Under these circumstances we are not prepared to say that the respondent should be disbarred.

For the reasons given the application is denied and the accusation dismissed.