[Crim. No. 2202. In Bank.—December 31, 1918.]

In the Matter of the Proceeding for the Disbarment of W. ONA MORTON, as Attorney and Counselor at Law.

ATTORNEY AT LAW—DISBARMENT PROCEEDING—WEIGHT OF CONFLICTING EVIDENCE—QUESTION FOR TRIAL COURT.—In a proceeding for the disbarment of an attorney at law, as in other cases, a court of review cannot determine the weight to be given conflicting evidence, but such determination is the peculiar and exclusive province of the trial court.

ID.—RECEIVING STOLEN PROPERTY — KNOWLEDGE OF CHARACTER — EVIDENCE—TESTIMONY OF THIEVES.—In a proceeding for the disbarment of an attorney at law for receiving money knowing the same to have been stolen, a conviction can be had upon the testimony of the persons committing the theft, since the attorney and the thief are not accomplices within the meaning of section 1111 of the Penal Code, as amended in 1915.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Nathan Newby, Mattison B. Jones, and Claude B. Morton, for Appellant W. O. Morton.

H. M. Barstow, Will H. Anderson, Tom C. Thornton, and Harry A. Hollzer, of Counsel.

Leonard B. Slosson and Richard J. O. Culver, for Los Angeles Bar Association.

VICTOR E. SHAW, J., *pro tem.*—Upon an accusation filed by the Los Angeles Bar Association, charging W. Ona Morton, an attorney at law, with a violation of his professional duties, a hearing was had by the superior court of Los Angeles County, which caused a judgment to be entered depriving the accused of the right to practice as an attorney and counselor in the courts of the state of California. From this judgment the accused has appealed.

No attack is made upon the sufficiency of the accusation, which clearly charged the accused with the commission of acts which, if true, fully warranted the rendering of the judgment of which he complains.

Briefly stated, the facts in support of the charge made are as follows: Some time in August, 1917, one Robertson, then assuming the name of Butler, and his wife, robbed a man by the name of Smith of about one thousand dollars. They left Los Angeles, where the crime was committed, going to Arizona, where they, on September 18, 1917, deposited eight hundred dollars of the stolen funds in three different banks. They returned to Los Angeles on September 22, 1917, where they were immediately arrested and at once confessed their guilt to the arresting officers. Being committed to the county jail, they, on the day following, sent for Morton, to whom they admitted the fact that they had stolen the money, and also informed him that they had made a confession of the theft. As a result of the negotiations between Robertson and Morton, the latter was employed to defend them, and being informed of the deposit of the stolen funds in said banks, he

induced them to draw a check upon one of the accounts and deliver the same to him, by means whereof he obtained, as his fee, three hundred dollars of such stolen funds. Thereafter, by suggesting that they should be released upon bond, he induced them to draw another check in favor of one D. M. Hidey for three hundred dollars, of which sum two hundred dollars was to be paid him for securing the bond and one hundred dollars of which he was to hold for the use of Robertson and his wife. A short time thereafter, induced by the same instrumentality, Robertson drew another check for two hundred dollars, the balance of the deposit, in favor of one Hayes, with which he was assured better board while in jail, the unused portion thereof to be paid to him upon their release. Under Morton's advice, Robertson and his wife entered a plea of not guilty, which later, likewise under his advice, was withdrawn and a plea of guilty entered, after which they applied to the court for probation. After their entering the plea of guilty, and pending the proceedings for probation, Robertson wrote a letter to one of the judges of the superior court purporting to inform him of what had occurred, whereupon he and his wife were brought before the judge, and, under oath, examined with reference to the transaction had with Morton and matters in connection therewith. At the hearing of the disbarment proceedings, Robertson and his wife, both upon direct and upon an exhaustive cross-examination, testified in great detail as to the occurrences, and as to the relationship with Morton, his knowledge of their thefts, and that the moneys secured from them, by and through him, were the funds stolen from Smith, all of which he obtained and accepted, knowing the same to be stolen property, and advised them to give false testimony as to their disposition of the same.

Basing his contention upon the fact that a proceeding for the disbarment of an attorney is in the nature of a criminal proceeding (*In re Alameda County Bar Assn.*, 35 Cal. App. 534, [170 Pac. 432]), counsel insists that, to warrant disbarment, the evidence, like that required to justify a verdict of guilty in a criminal case, must be clear, positive, and such as to establish both the motive and commission of the act charged beyond a reasonable doubt. In support of this proposition he cites a number of authorities from other jurisdictions, an ex-

amination of which, however, shows that none of them involved cases on appeal where the court was called upon to review the sufficiency of the evidence in support of the finding, but what was said therein related to proceedings of disbarment over which the court, in some of the cases having recourse to a referee in the taking of the evidence, assumed original jurisdiction, acting as a trial court, as *In re Houghton*, 67 Cal. 511, [8 Pac. 52]. None of them constitute authority for appellant's claim, when applied to a court charged with the duty of reviewing the testimony, but do announce the rule that in such cases the accused should not be convicted unless the trial court is convinced, by clear and satisfactory evidence, or, as said in some cases, beyond a reasonable doubt, of his guilt. However this may be, this court, in a like case involving a like question (*Matter of Danford*, 157 Cal. 425, [108 Pac. 322]), has, in effect, held that in disbarment proceedings, as in other cases, a court of review cannot determine the weight to be given conflicting evidence, but that such determination is the peculiar and exclusive province of the tribunal wherein the hearing is had.

Conceding, as claimed by appellant, that Robertson and his wife were confessed thieves, and had theretofore, in an inquiry concerning their crime, lied to the court and perjured themselves, all of which, at the hearing in this proceeding, they fully, freely, and frankly admitted, the trial court, notwithstanding their story was contradicted by the accused, a lawyer theretofore of conceded good character and standing, accepted their testimony as true and disbelieved that of accused.

In their reply brief, counsel insist that the accusation against appellant charged him with the commission of a felony, wherein Robertson and his wife were accomplices, and that, as provided in section 1111 of the Penal Code, a conviction cannot be had upon the uncorroborated testimony of an accomplice who is defined to be "one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given." Assuming the accusation charged appellant with the commission of acts which constituted a felony, namely, that of receiving personal property, knowing the same to have been stolen, Robertson and his wife could not be deemed liable

to prosecution for such offense, since they were the ones who committed the theft. The case of *People* v. *Kraker,* 72 Cal. 459, [1 Am. St. Rep. 65, 14 Pac. 196], upon which appellant relies in support of his proposition, is not in point, for the reason that, among others, it was decided before the amendment of 1915 of section 1111, which added the clause above quoted.

Moreover, the proceeding wherein these witnesses testified was a prosecution for an offense alleged to have been committed by the accused in his professional capacity as an officer of the court, the penalty for which, upon conviction, is the depriving him of the right to practice as an attorney and counselor in the courts of this state, an offense with which, since they were not attorneys at law, the witnesses could not be deemed liable to prosecution.

The judgment is affirmed.

Sloss, J., Richards, J., *pro tem.,* Wilbur, J., Melvin, J., and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred.