[Crim. No. 5351. Second Dist., Div. One. June 14, 1955.]

THE PEOPLE, Respondent, v. HARRY BYCEL,
Appellant.

Morris Lavine for Appellant.

Edmund G. Brown, Attorney General, and James C. Maupin, Deputy Attorney General, for Respondent.

WHITE, P. J.—In an information filed by the district attorney of Los Angeles County, defendant was charged with three separate violations of buying or receiving stolen property, a felony (Pen. Code, § 496).

In Count I, defendant was charged with having bought and received a stolen adding machine on or about September 3, 1952. Count II charged the felonious purchase and receipt of a calculator on or about August 28, 1952, which machine had been stolen. The third count alleged that on or about

June 5, 1952, defendant bought and received two adding machines knowing them to have been stolen.

Defendant moved to dismiss the information under section 995 of the Penal Code. His motion was granted as to Count II and denied as to Counts I and III. Following entry of not guilty pleas as to the last-named counts, the cause proceeded to trial before a jury which returned verdicts of guilty under both counts of the information. Defendant's motion for a new trial was granted as to Count III and denied as to Count I. Proceedings were suspended and defendant granted conditional probation on Count I. Count II was dismissed.

From the judgment of conviction (see Pen. Code § 1237, subd. 1) and from the order denying his motion for a new trial, defendant prosecutes this appeal.

We regard the following as a fair epitome of the factual background surrounding this prosecution. On the second or third day of September, 1952, one Charles Linson burglarized the premises of the Trojan Bookkeeping Service in the city of Los Angeles, removing therefrom two adding machines, a calculator, and a typewriter, which he placed in his automobile and departed. Two or three days later, Linson went to Fifty-fifth and Long Beach Boulevard to consult with the defendant, at the One Spot liquor store. Linson told defendant that he wanted to make a deal concerning the machines. He told the defendant he wanted to "deal" the machines off. The defendant asked what kind they were, and Linson told him. The former then asked where the machines were and Linson told him they were in a car, and the defendant looked in the car and saw them. The two men then came back to the store and the defendant made a telephone call. He then had Linson write on a piece of paper, "Globe Bottling Company" and the name "Cal."

Linson wanted $50 for each of the machines but defendant refused to give more than $25. At that time Linson received no money. The defendant then gave Linson an address, a bottle cap, and told him to go to a certain place, the Globe Bottling Company on Mission Road in Los Angeles. When Linson went there, he saw a man named Cal and left one adding machine with him. Cal did not give Linson anything. After leaving the adding machine with Cal, Linson went back to Fifty-fifth and Long Beach Boulevard where he saw the defendant. Linson told the latter he had made the trip, and the defendant called back, and "there was only one machine," whereupon defendant gave Linson $25.

Linson was prosecuted and convicted for the theft involved herein, and served time in the county jail.

In the early part of September, 1952, Calvin A. Rowlette was called on the telephone by the defendant. The latter said he had an adding machine, and asked if Mr. Rowlette needed one. Mr. Rowlette said that he did and the defendant said, "I'll send it up by a man." The defendant said the price would be $50. Mr. Rowlette saw Linson at the Globe Bottling Company with the adding machine on the same afternoon that the telephone call was made.

After Linson was released from jail he went to the defendant's place of business and had a conversation. Linson told the defendant he had been "busted." "Bust" in this sense means to arrest. He further told the defendant he had sent word to him, trying to make a deal, and to try to get some money from him. The defendant told Linson he wasn't doing "too good himself, and that was about it."

After the machines had been found, the defendant came to Linson and asked him not to testify against him, and that he, the defendant, would make everything all right with him. That conversation took place in February or March of 1954, first at the defendant's store at Fifty-fifth and Long Beach Boulevard, and on the same day in Mr. Walter Gordon's office. The defendant drove Linson to Mr. Gordon's office, and when they arrived there, the defendant told Linson that the machines had been recovered and he said, "I want you to testify that you never sold me anything." Linson then signed a paper that he did not sell anything to the defendant. It was signed with the name, "John W. Lewis," which Linson was using. When the defendant returned to his store on the same day, he gave Linson $20 and a pint of whiskey.

Linson talked to the defendant in court at the trial of this case and the latter said, "You heard about some guy that got a knife stuck in him, the same thing can happen to you."

Sworn as a witness on behalf of the defendant, St. Elmo P. Henderson testified that he had been employed by defendant and that "around about September, 1952" between 9 and 10 in the morning, he saw a Mr. Kanner, connected with the Globe Bottling Company, in the defendant's store and that the latter was talking with Mr. Kanner when Linson entered, that defendant went over to Linson and the witness heard the latter say "something" about an adding machine, but that defendant stated "he wasn't interested and just turned around and walked away from him." That Mr. Kanner then inquired of Linson as to whether the machine was "hot" and

received a negative reply. That Linson and Kanner left the store together. That while the former was in the store defendant did not make any telephone calls.

William E. White, another employee of defendant, testified that on a morning in September, 1952, he saw Mr. Kanner and Linson engaged in conversation alongside an automobile, that the trunk of the vehicle was raised, that two machines were taken out of the automobile, one by Mr. Kanner and one by Linson, taken across the street and placed in the trunk of another automobile.

As a witness in his own behalf, defendant testified that he never called the Globe Bottling Company with reference to Linson, that he knew the latter only as a customer and for three days. He denied he ever had possession of the stolen property. He also denied ever having a conversation with Linson about the machines. He also denied he ever had received $50 in either cash or credit for the machines.

As his first ground for reversal, appellant asserts that the evidence is insufficient to support the verdict in that there is no proof that he knew the machines were stolen, or intended to receive stolen property.

While guilty knowledge of the larceny is an essential fact to be proved in a prosecution for receiving stolen goods, it is not essential that such knowledge be actual and positive; it may be circumstantial and deductive (*People* v. *Mercado*, 59 Cal.App. 69, 72 [209 P. 1035]). Among the elements the courts have found persuasive as giving rise to an inference of guilty knowledge is a disproportionately low price paid (*People* v. *Gould*, 111 Cal.App.2d 1, 7 [243 P.2d 809]) or that the accused denied possession of the goods if such denial is shown to be false (*People* v. *Levison*, 16 Cal. 98, 99 [76 Am. Dec. 505]). In the case at bar defendant agreed to pay only $25 each for office machines that had been purchased new about one week previously for a total price of approximately $1,400. Also, the falsity of appellant's statement that he ever had possession of the property was clearly established. Since knowledge that the goods were stolen, may be inferred from the surrounding conditions and circumstances the jury was entitled to give consideration to the fact that the transaction involving expensive office equipment took place between the proprietor and a customer in a liquor store. Then, there is the evidence concerning appellant's conduct after the transaction took place wherein he sought out Linson and gave him twenty dollars and a pint of whiskey

for signing a paper that he (Linson) had never sold anything to the appellant. Certainly this amounted to a consciousness of guilt. Also, open for consideration by the jury was appellant's statement to Linson at the trial that the latter might "have a knife stuck in him." Finally, there is the telephone conversation between appellant and Calvin A. Rowlette, Credit Manager of Globe Bottling Company, in which appellant said, "You didn't get the machines from me." From the foregoing it is clear that the jury was justified in inferring that at the time appellant acquired the machines he knew they were stolen property. It therefore becomes plain that appellant's contention that the finding of guilty knowledge on his part lacks evidentiary support and cannot be sustained.

Equally without merit is appellant's final contention that the corroboration of Charles Linson's testimony was insufficient. From the language of the statute (Pen. Code, § 1111) it is manifest that Linson was not an accomplice for the obvious reason that he was not liable to prosecution for the identical offense charged against the appellant—receiving stolen property. Linson was the one who stole the property, and unless a prior conspiracy to steal is shown, the thief who steals the property is not an accomplice of the one who receives it from him, knowing it to be stolen. There is no such showing of a conspiracy present in the instant case (*People* v. *Lima*, 25 Cal.2d 573, 576-579 [154 P.2d 698]; *People* v. *Burness*, 53 Cal.App.2d 214, 218, 219 [127 P.2d 623]; *People* v. *McKinney*, 71 Cal.App.2d 5, 12 [161 P.2d 957]; *In re Morton*, 179 Cal. 510, 513, 514 [177 P. 453]). Furthermore, if it be assumed that Linson was an accomplice there was ample evidence aside from his testimony to connect appellant with the offense charged against him, such as his possession of the admittedly stolen property, as well as the testimony of Leo Kanner and Calvin A. Rowlette of the Globe Bottling Company concerning conversations with them regarding purchase by their company of the property in question.

For the foregoing reasons, the judgment and the order denying defendant's motion for a new trial are, and each is affirmed.

Doran, J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 13, 1955.