THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* VÍCTOR JULIO VÉLEZ MATOS, Defendant and Appellant.

No. CR-63-275.    Decided February 7, 1964.

*Juan G. Riera Toro*, counsel designated by the Supreme Court to give legal assistance on appeal. *J. B. Fernández Badillo, Solicitor General*, and *J. F. Rodríguez Rivera, Assistant Solicitor General*, for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The district attorney filed an information against Víctor Julio Vélez Matos, appellant herein, charging him with a violation of § 438 of the Penal Code committed in Mayagüez on February 21, 1960, consisting in having purchased from three persons, for profit, two standard radios and two record players for the sum of $25, which articles were worth $137.25, knowing that they were stolen.

The jury which tried his cause found him guilty of such offense and he was sentenced to serve from two to five years' imprisonment in the penitentiary.

The errors assigned by appellant challenge the probative value and the sufficiency of the prosecution evidence. He alleges (1) that the information does not state facts sufficient to constitute the offense because witness René Alicea had testified that he had pawned, and not sold, the stolen merchandise; (2) that the evidence is insufficient because (a) the testimony of the only witness who had knowledge of the facts was not corroborated, and (b) the evidence was insufficient to establish the knowledge that the merchandise was stolen.

Let us examine the evidence. The prosecution evidence tended to show that on the evening of February 20, 1960, René Alicea Morales, Mariano Alers Segarra, Héctor Manuel López Rivera, and Luis Pérez Guilfuche broke into a furniture store, of Mayagüez called "Su Amiga" and stole two record players, two radios, and an electric iron, all of which were worth some $112. Early in the morning of the same day they put away the stolen goods in the house of Alfredo Pellot Pacheco, a friend of one of them, situated in Columbus Landing of Mayagüez, and then went to bed. The next day the four of them went back to Pellot's house where they spoke about selling the stolen merchandise. They obtained the address in writing of appellant's grocery store, and Alicea and Guilfuche went there. They spoke with defendant Víctor Julio Vélez Matos and the latter took them in a car to Pellot's house where the stolen goods were kept. There they asked the defendant $25 for the merchandise. On that occasion the defendant gave them $5 and the next day he gave them the other $20. The defendant put away the merchandise in the house of Jenaro Ortiz Olivieri, who lived in the ward Guanajibo of Hormigueros, about four hectometers from the place where defendant lived and where the

latter used to leave liquor for his business because the automobiles did not go as far as defendant's house. The burglars did not tell Pellot nor defendant that the merchandise was stolen.

The defense evidence tended to show that defendant did not go to Pellot's house to purchase the merchandise, but that Alicea and Guilfuche went to his place of business and asked him for $20, which he delivered to them by way of loan, the former having left as guarantee the aforementioned goods, without defendant knowing that they were stolen.

The uncontroverted evidence established that the goods acquired by defendant-appellant were stolen. The evidence was conflicting as to whether the transaction made by defendant with the burglars was one of purchase and sale or one of loan secured by pledge. On this point the conflict was settled by the jury against defendant's theory. The prosecution evidence is sufficient to conclude that the transaction was one of purchase and sale.

Section 438 of the Penal Code (33 L.P.R.A. § 1693) provides:

"§ 1693. Receiving stolen property.

"Every person who for his own gain, or to prevent the owner from again possessing his property, buys or receives any personal property knowing the same to have been stolen, is punishable by imprisonment in the penitentiary not exceeding five years where the value of said property is fifty ($50) dollars or more, or by imprisonment in jail not exceeding one year where the value of said property is under fifty ($50) dollars, and it shall be presumptive evidence that such property was stolen, if the same consists of jewelry, silver or plate ware, or articles of personal ornament, if purchased or received from a person under the age of eighteen, unless such property is sold by said minor at a fixed place of business carried on by said minor or his employer."

■■ Both the person who purchases and the person who receives goods in pledge, knowing that they are stolen, vio-

late § 438 of the Penal Code. See *People* v. *Smith,* 161 P.2d 941; *People* v. *Bycel,* 284 P.2d 927. The information charges the defendant with purchasing goods knowing they were stolen. There is not even any basis in the record to consider whether there was fatal variance between the information and the evidence, since, as already stated, the prosecution evidence is sufficient to establish that the defendant purchased the stolen goods.

■ ■ The assignment that the testimony of Alicea, one of the burglars, was not corroborated, is without merit. Apart from the fact that there is independent evidence in the record to connect the defendant with the commission of the offense, Alicea is not an accomplice needing corroboration. Appellant was charged with a violation of § 438 of the Penal Code, while Alicea committed an offense of burglary in the first degree. These offenses are not identical. Alicea could not be prosecuted for violating § 438 of the Penal Code. Hence, according to the rule prevailing in this jurisdiction as well as in California, evidence of corroboration of Alicea's testimony was unnecessary. See, among other cases, *People* v. *Maceira,* 40 P.R.R. 677 (1930); *People* v. *Bycel,* 284 P.2d 927; *People* v. *Adorno,* 81 P.R.R. 504 (1959); *People* v. *De Jesús,* 73 P.R.R. 699 (1952); *People* v. *Buxó,* 29 P.R.R. 75 (1921).

■ There remains to decide whether the evidence is sufficient to establish that defendant had knowledge that the goods were stolen. This knowledge is an essential element of the offense charged. *People* v. *Acevedo,* 18 P.R.R. 232 (1912), and *People* v. *Marietti,* 31 P.R.R. 655 (1923). The burglars did not tell defendant that the goods were the product of a burglary. Yet, in many cases the district attorney cannot establish that fact by direct evidence, since as we stated in *People* v. *Acevedo, supra,* at p. 236, the knowledge that the objects were stolen is a state of the mind "which from the

nature of the matter can be proved only by circumstances or the admissions of the accused." One of those circumstances may be the depreciated value paid for the stolen articles, *People* v. *Garcés*, 36 P.R.R. 241 (1927); *People* v. *Pérez*, 43 P.R.R. 764 (1932); and *People* v. *Cale*, 169 P.2d 649; defendant's unsatisfactory explanation of the possession of the stolen property, *People* v. *López*, 271 P.2d 874; *People* v. *Juehling*, 52 P.2d 520; where the property is acquired from persons of questionable character, *People* v. *Boyden*, 253 P.2d 773; *People* v. *Moore*, 30 P.2d 79. The knowledge that the articles were stolen may therefore be inferred from the facts and circumstances surrounding the case.

■ The verdict of guilty returned in this case implies that the jury inferred from the facts proved that defendant knew that the objects purchased by him were stolen. In fact, there are circumstances in this case which may give rise to such inference.

The circumstances under which the burglars carried out the transaction were sufficient to raise suspicion in the mind of a cautious person that the property was stolen. Alicea, who according to the testimony of defendant himself was one of his customers, was not a dealer nor dealt in articles of the nature of those stolen. In offering him those articles for sale Alicea did not take them with him to defendant's business, nor was the transaction carried out in that place, nor in the house of Alicea or of Guilfuche where the goods were supposed to be if they lawfully belonged to the sellers, as a cautious, prudent and reasonable person would observe, particularly a person who at that time was a merchant. This merchant abandons his business and takes the vendors in a car to the house of a paralytic person in Columbus Landing who is not engaged in business, and that is where the merchandise is found and the transaction is carried out. From these facts it may be reasonably inferred that defendant knew that the property involved in the transaction was

stolen. With greater reason if it is added to those facts that defendant paid only $25 for goods worth $112 and put them away in the house of a friend, such property not being of the same nature as that which he took daily to his business, and then he kept what was left until the next day in the house of that friend.

The judgment appealed from will be affirmed.