[No. 6194.]

COOK TALCOTT AND ANDREW ONDERDONK *v.* THE BOARD OF STATE HARBOR COMMIS-SIONERS.

CONSTRUCTION OF GENERAL AND SPECIAL LAWS. — Where there is a general law prescribing and defining the powers, duties, and mode of procedure of a public board, and a special law is passed relating to a particular matter coming within the general scope of the powers of the board, the two laws are to be read together; and the general law is applicable to the particular matter, except in so far as provision is made in the special law conferring powers, or prescribing duties or modes of procedure different from those mentioned in the general law.

HARBOR IMPROVEMENT FUND. — The Harbor Improvement Fund mentioned in the special Act of March 8th, 1878, "for the relief of Cook Talcott and Andrew Onderdonk," is the same as that mentioned in the general law, which refers to the fund in the State Treasury.

CLAIM UNDER SPECIAL RELIEF BILL. — A claim authorized by the special relief bill referred to must be paid by a draft on the Controller, signed by the three Commissioners, and countersigned by the Secretary.

DEFAULT—MANDAMUS.—A public board is not in default so as to be subject to mandamus until after demand and refusal.

APPEAL from the District Court of the Nineteenth Judicial District, City and County of San Francisco.

The defendants were the members of the State Harbor Commission.

The case was submitted upon an agreed statement of facts, which appear sufficiently in the opinion of the Court.

The writ was granted, and the defendants appealed.

*J. B. Lamar*, for Appellants, cited Smith's Commentaries, secs. 639–40; *United States* v. *Freeman*, 3 How. 243; 9 Bacon's Abridgment, 243.

By the COURT:

The Act of March 8th, 1878, provides that the State Board of Harbor Commissioners " are authorized to adjust, audit, and pay, out of the Harbor Improvement Fund," such amount as Talcott and Onderdonk may equitably be entitled to, for certain work and materials mentioned in the act. It is not expressly stated in the agreed case that the Board had adjusted and audited the claim, nor that it had refused so to do, but it is claimed that the extract from the proceedings of the Board (whereby it appears that upon a vote being taken for the payment of the bill of the claimants, two of the members of the Board voted *aye*, and one member *no*) shows by implication that the Board had audited and adjusted the claim in the full amount of the bill. If that be the true construction to be given to those proceedings, the only remaining thing to be done is to pay the amount of the bill as audited. On behalf of the plaintiffs it is claimed that the amount is to be paid out of the funds in the hands of the Board, and the defendant contends that the payment is to be made out of the Harbor Improvement Fund in the State Treasury.

It may safely be laid down as a rule of statutory construction, that where there is a general law prescribing and defining the powers, duties, and mode of procedure of a public Board, and a special law is passed relating to a particular matter, coming

within the general scope of the powers of the Board, the two laws are to be read together, and the general law is applicable to the particular matter, except in so far as provision is made in the special law, conferring powers or prescribing duties or modes of procedure, differing from those mentioned in the general law. Accordingly, it must be held that the "Harbor Improvement Fund," mentioned in the special law, is the same as that mentioned in the general law; and whenever that fund is mentioned in the general law it means the fund in the State Treasury, devoted to that purpose. It follows that the sum, as audited and adjusted, is to be paid as provided by sec. 2529 of the Political Code—by draft on the Controller of State, signed by the three Commissioners, and countersigned by their Secretary, and by warrant drawn by the Controller on the Treasurer. The agreed case does not show that a demand was made for the draft above referred to, and, therefore, the Court would not command the Board to draw the draft on the Controller; for the Board is not in default until there has been a demand and refusal. We are not to be understood as holding that two of the members of the Board could audit and adjust the amount to be paid on the claim of the plaintiffs.

Judgment reversed and cause remanded. Remittitur forthwith.