[Crim. No. 2091. Second Appellate District, Division One.—October 15, 1931.]

THE PEOPLE, Respondent, v. RALPH J. LAYMAN, Appellant.

Davis & Thorne and W. H. Brawner for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

BISHOP, J., *pro tem.*—We are of the opinion that appellant was properly found guilty of both perjury and subornation of perjury. Two depositions were taken in an action which had been brought, by appellant, against the Los Angeles Railway Co., for injuries alleged to have been inflicted upon him as he was pushing his stalled automobile away from the street-car tracks. In the first deposition, appellant himself testified as to the details of the accident. In the second, a Mrs. Miller testified, at appellant's instigation, that she witnessed the accident. The evidence, in the case under review, warranted the jury's conclusion that as a matter of fact Mrs. Miller had not seen the accident,

478

both because she was in the state of Texas when it supposedly happened, and because it never happened, but was merely a child of appellant's fancy.

To prove the falsity of appellant's word picture of his mishap with a street-car at the time and place he described, the prosecution placed upon the witness-stand all the motormen and all the conductors who were operating cars on the line where the accident was supposed to have taken place. None of the street-cars in charge of the motor-men had been in an accident, according to their testimony. This composite testimony of the motormen is, of course, the equivalent of that of but one witness to the fact that no accident had taken place (*People* v. *Burcham*, (1923) 62 Cal. App. 649 [217 Pac. 558]), and the law requires another witness or proof of corroborating circumstances. (Sec. 1103a, Pen. Code; sec. 1968, Code Civ. Proc.) This proof we do not find, as respondent suggests we may, in the failure of appellant to produce testimony. We do, however, find the statute satisfied by the testimony of the conductors, taken together; that they knew of no accident; and by proof of the fact that no accident was reported, whereas in the usual course of events, if there had been an accident, it would have been reported. Appellant complains that it was error, in violation of the hearsay rule, to permit the train dispatchers to testify that they had received no report of an accident. It was not hearsay, but direct proof, of course, of a fact, the fact being that no report had been turned in. This fact was material because of the presumption that the ordinary course of business had been followed (subd. 20, sec. 1963, Code Civ. Proc.) ; that is, that if there had been an accident it would have been reported to the dispatchers. "The corroborative evidence may be slight." (*People* v. *Follette*, (1925) 74 Cal. App. 178, 204 [240 Pac. 502, 513].)

Appellant further complains of the refusal of the trial court to give two requested instructions. The first of these was to the effect that the jury should, in weighing the evidence, consider Mrs. Miller as an accomplice. This instruction was properly refused. As to the perjury charge, plainly she was not an accomplice, for, so far as appears, the false testimony appellant gave at the taking of his deposition was entirely his own idea, unaided in conception

or execution by Mrs. Miller.  ▮▮  A closer legal question is presented by the contention that she was his accomplice in the other crime of which he stands convicted, that of subornation of perjury. Prior to the change effected by the 1915 amendment to section 1111 of the Penal Code, it is quite possible that she would have been considered an accomplice, for the crime ''subornation of perjury'' could not be committed without two parties, one of whom would have to commit perjury as a result of a corrupt agreement to accomplish that unlawful act. (See the discussion in *People* v. *Coffey,* (1911) 161 Cal. 433, at page 446 et seq. [39 L. R. A. (N. S.) 704, 119 Pac. 901, 903].) The amendment of 1915 consisted in adding these words of definition, by limitation, to the section: ''An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given.'' One's first impression is that this definition makes no change in the law, for in *People* v. *Coffey, supra,* accomplices are defined as being: ''All persons concerned in the commission of a crime, whether they directly commit the act constituting the offense, or aid and abet in its commission, or not being present, have advised and encouraged its commission.'' But this definition is a quotation from section 31 of the Penal Code, stating such persons to be principals, and, by section 971 of the same code, they are to be prosecuted as such. The break in this chain of reasoning is made by interpreting the words ''one who is liable to prosecution for the identical offense charged'', as limited to one who is so liable because he is a principal in fact and as not applying to one who is a principal only by the effect of section 31. So, it has been held, both parties to the crime of incest are accomplices, if adult and competent, because each is in fact a principal. (See *People* v. *Adinolfi,* (1930) 106 Cal. App. 261 [289 Pac. 176].) The witness was held an accomplice in *People* v. *Allison,* (1927) 200 Cal. 404 [253 Pac. 318], not because he aided in the burglary with which the defendant was charged, but because as principal in fact he had a part in it. But the complaining witness, under fourteen years of age, with whom one accused committed an act in violation of section 288, can under no circumstances be an accomplice where the defendant was thirty-eight years of

age, for under section 288 the act, to be a crime, must be with a person under fourteen years of age. (*People* v. *Troutman,* (1921) 187 Cal. 313 [201 Pac. 928].) In the case of *In re Morton,* (1918) 179 Cal. 510 [177 Pac. 453], it was held that one who receives stolen property is not an accomplice of him who steals, the amendment of 1915 serving to make inapplicable the case of *People* v. *Kraker,* (1887) 72 Cal. 459 [1 Am. St. Rep. 65, 14 Pac. 196], where it appeared that the thief was possibly an accomplice of the recipient of that which was stolen. (See, also, *People* v. *Viets,* (1926) 79 Cal. App. 576, 591 [250 Pac. 588].) In *People* v. *Davis,* (1930) 210 Cal. 540, 557 [293 Pac. 32, 39], our Supreme Court stated: "It is likewise true that since 1915 . . . the giver and receiver of a bribe are no longer accomplices one to the other (although that was formerly the law of this state, *People* v. *Coffey* . . . ) inasmuch as the asking or receiving a bribe is made a separate offense from offering or giving a bribe."

We conclude, therefore, that Mrs. Miller was not an accomplice of the defendant, although she actively participated with him, and committed the crime of perjury, without which his crime of subornation of perjury would not have been complete. (*People* v. *Ross,* (1894) 103 Cal. 425 [37 Pac. 379].) The court did not err in refusing to instruct the jury to regard her as an accomplice.

By the other instruction requested, but not given, the jury would have been told that a witness false in one part of his testimony is to be distrusted in others; that the testimony of an accomplice ought to be viewed with distrust; and the evidence of oral admissions of a party should be received with caution. The first portion was covered in the instructions given; the balance of the requested instruction should never be given because it is an invasion of the exclusive province of the jury. (*Hirshfeld* v. *Dana,* (1924) 193 Cal. 142, 156–160 [223 Pac. 451]; *People* v. *Northcott,* (1930) 209 Cal. 639, 653 [70 A. L. R. 806, 289 Pac. 634].)

No further matter merits discussion. The judgment and order denying a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.