[Civ. No. 11658. Second Appellate District, Division Two.—March 1, 1938.]

SAMUEL L. CARPENTER, Jr., as Insurance Commissioner, etc., Respondent, v. COAST SURETY CORPORATION (a Corporation), Defendant; COUNTY OF ALAMEDA (a Political Subdivision), Appellant.

Earl Warren, District Attorney, Ralph E. Hoyt, Chief Assistant District Attorney, and James H. Oakley and Lynn J. Gillard, Deputies District Attorney, for Appellant.

Frank L. Guerena and Eugene P. Fay for Respondent.

WOOD, J.—The claimant, the County of Alameda, appeals from an order of the superior court affirming the action of the Insurance Commissioner in denying its claim against Coast Surety Corporation. An order was made by the superior court on February 13, 1936, by which it was ordered that the business of the Coast Surety Corporation be liquidated by and under the direction of Samuel L. Carpenter, Jr., as Insurance Commissioner of the State of California. It was further ordered that those having claims against the corporation present the same to the liquidator on or before six months after the date of the publication of notice to creditors. On February 13, 1936, the County of Alameda was obligee upon a bail bond given by Coast Surety Corporation. This bond was forfeited on March 9, 1936, and on July 31, 1936, judgment was entered on the bond in favor of the county. Thereafter, and within six months from February 13, 1936, the county filed its claim with the liquidator. The claim was rejected by the liquidator and an order to show cause was issued by the superior court, resulting in the ruling from which the appeal is taken.

Section 1019 of the Insurance Code provides: "Upon the issuance of an order of liquidation under section 1016, the rights and liabilities of any such person and of creditors, policyholders, shareholders and members, and all other persons interested in its assets shall, unless otherwise directed by the court, be fixed as of the date of the entry of the order in the office of the clerk of the county wherein the application was made." Section 1021 provides for the giving of notice to creditors. Section 1025 provides: "Claims

founded upon unliquidated or undetermined demands must be filed within the time limit provided in this article for the filing of claims, but claims founded upon such demands shall not share in any distribution to creditors of a person proceeded against under section 1016 until such claims have been definitely determined, proved and allowed. Thereafter, such claims shall share ratably with other claims of the same class in all subsequent distributions.

"An unliquidated or undetermined claim or demand within the meaning of this article shall be deemed to be any such claim or demand upon which a right of action has accrued at the date of the order of liquidation or accrues within the time limit provided in this article for the filing of claims, and upon which the liability has not been determined or the amount thereof liquidated; provided, however, that claims founded upon judicial surety bonds and undertakings securing unmatured obligations shall be deemed to be unliquidated and undetermined demands within the meaning of this section."

It may be conceded that if section 1019 stood alone the claim in question could not be allowed since it provides that the rights of creditors "shall, unless otherwise directed by the court, be fixed as of the date of the entry of the order" of liquidation. But the legislature has seen fit to enact section 1025, in which provision is made for unliquidated claims. It is there provided that an unliquidated claim shall be deemed to be a claim upon which a right of action has accrued "or accrues within the time limit provided in this article for the filing of claims and upon which the liability has not been determined". There is a further provision in the section, "that claims founded upon judicial surety bonds and undertakings securing unmatured obligations shall be deemed to be unliquidated and undetermined demands within the meaning of this section". The claim of the County of Alameda comes within the terms of this provision. The surety bond held by the county constituted an *obligation* on the part of the corporation which was *unmatured*. It was within the power of the legislature to especially provide that judicial surety bonds shall be given the status of unliquidated claims and this it has done by unambiguous language. The unmatured obligation has matured within the time limit provided for the filing of claims.

The general rule on the subject of claims is to be found in section 1019 but doubtless the legislature intended the provision contained in section 1025 to be a modification of the general rule. The specific exception must prevail over the general provision. In section 1859 of the Code of Civil Procedure it is provided that, "when a general and a particular provision are inconsistent, the latter is paramount to the former. So a particular intent will control a general one that is inconsistent with it." The claimant's contention that the legislature intended a deviation from the general rule by the provision in question finds added force in sections 1026 and 1027, wherein it is provided that unliquidated third party liability claims against an insured may be filed against the insurer after the latter is adjudged insolvent without requiring such a claim to be reduced to a judgment.

The order is reversed.

Crail, P. J., and McComb, J., concurred.