THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
HENRY BLANK, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
WILLIAM JOSEPH, Appellant.

Argued April 24, 1940; decided July 24, 1940.

*Harry G. Anderson* and *Samuel Bader* for William Joseph, appellant. The complainant was an accomplice as a matter of law and a conviction based upon her unsupported testimony cannot stand. (*People* v. *Kupperschmidt,* 237 N. Y. 463; *People* v. *Bliven,* 112 N. Y. 79; *People* v. *McKane,* 143 N. Y. 455; *United States* v. *Holte,* 236 U. S. 140; *People* v. *Hyde,* 156 App. Div. 618; *People* v. *Davis,* 56 N. Y. 95; *People* v. *Murphy,* 101 N. Y. 126; *Queen* v. *Whitchurch,* 24 Q. B. Div. 420; *Rex* v. *Sockett,* 72 J. P. 428; *People* v.

*Reddy,* 261 N. Y. 479; *People* v. *Friedman,* 139 App. Div. 795.)

*Robert H. Elder* and *George Kaminsky* for Henry Blank, appellant.

*William O'Dwyer, District Attorney (Henry J. Walsh* of counsel), for respondent. The complainant was not an accomplice. (*Dunn* v. *People,* 29 N. Y. 523; *People* v. *Kupperschmidt,* 237 N. Y. 463; *People* v. *Vedder,* 98 N. Y. 630; *People* v. *Commonwealth,* 87 Ky. 487; *Commonwealth* v. *Turner,* 224 Mass. 229; *Hammett* v. *State,* 84 Tex. Crim. Rep. 635; *State* v. *Crofford,* 133 Iowa, 478; *Commonwealth* v. *Weaver,* 61 Pa. Super. Ct. 471.)

CONWAY, J. Appeal by permission from a judgment of the Appellate Division, second department, which unanimously affirmed a judgment of the County Court of Kings County, convicting defendants Blank and Joseph of the crime of abortion. A third defendant, Fiorelli, who was also convicted, did not appeal.

The defendants were convicted of the crime of abortion performed upon one Claire Slinkowski, the complainant, on June 27, 1938, the defendant Blank, a doctor, by having used and employed certain instruments upon the complainant, a pregnant woman, with intent to procure her miscarriage, such acts being unnecessary to preserve her life or the life of the child with which she was pregnant; defendant Fiorelli by having assisted Blank in the commission of said abortion; defendant Joseph by counseling the complainant to submit to the abortion, arranging the appointment with Blank for her and by furnishing the complainant with the fee for the abortion.

It is urged that the court erred in submitting the case to the jury since the complainant was an accomplice and there was no corroboration of her testimony. The complainant was not an accomplice. " Generally speaking, however, the woman, although consenting to an abortion, cannot be regarded as an accomplice within the law of accomplice

testimony, although perhaps her implication is a proper consideration for the jury in weighing her testimony." (2 Wharton's Criminal Evidence [11th ed.], § 742.)

The complainant could not be indicted for the crime of abortion. She could be indicted for a separate crime, to wit, " killing of child in attempting miscarriage." (Penal Law, § 81.) " She did not stand legally in the situation of an accomplice; for although she no doubt participated in the moral offence imputed to the defendant, she could not have been indicted for that offence. The law regards her rather as the victim than the perpetrator of the crime." (*Dunn* v. *People*, 29 N. Y. 523, 527.) Later, in *People* v. *Vedder* (98 N. Y. 630, 632), it was said: " Even though there may be no difference in a moral point of view as to the guilt imputable to the respective participators in the act of abortion, yet the statute has made a distinction in the cases, and the one cannot be punished as a principal or accomplice in the crime which is attributable by the statute to the other. * * * We regard the proposition as too well settled by authority, and too salutary in practice to be now questioned." To the same effect are *People* v. *McGonegal* (136 N. Y. 62, 75, 76); *United States* v. *Holte* (236 U. S. 140, 145, 148).

*People* v. *Kupperschmidt* (237 N. Y. 463) is not in conflict. There it was said: " The test is whether the alleged accomplice can be indicted for the offense. Sometimes as in prosecutions for abortion, the co-participant is regarded as the victim rather than the perpetrator of the crime (*Dunn* v. *People*, 29 N. Y. 523, 527), or as in the illegal sale of intoxicating liquors, it is said that the person making the sale is the only one declared by the law to be criminal."

While it is true that when *Dunn* v. *People* (*supra*) was decided, a conviction could be had upon testimony of an accomplice alone, the statute requiring corroboration (Code Crim. Proc. § 399) effected no change in the law as to who was an accomplice. It was necessary before the passage of the statute to determine who was an accomplice, since the jury had to be instructed as to the weight to be given to that testimony. While, as was said in *People* v. *Mayhew*

(150 N. Y. 346), the statute introduced a new rule of evidence, the law remained the same as to who was an accomplice.

As to each defendant, the judgment should be affirmed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and LEWIS, JJ., concur.

Judgments affirmed.