[Crim. No. 3344. Second Appellate District, Division Two.—October 18, 1940.]

THE PEOPLE, Respondent, v. JOHN A. GORDON, Appellant.

Ames Peterson for Appellant.

Earl Warren, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

McCOMB, J.—From a judgment of guilty of receiving stolen property, after trial before a jury, and from an order denying his motion for a new trial, defendant appeals.

Viewing the evidence most favorable to the People (respondent), the essential facts are:

Defendant purchased a model A 42 hydraulic jack from Perry A. Heywood, who had stolen the same from a service station belonging to the Shell Oil Company. Said Perry A. Heywood was the principal witness against defendant.

■ Defendant relies for reversal of the judgment on this proposition:

*Since the principal witness against him was the thief who stole the property which defendant purchased, such witness was an accomplice, and in order to sustain a conviction the testimony of such witness must under section 1111 of the Penal Code be corroborated.*

This proposition is untenable. The law is established in California that one who receives stolen property is not an accomplice of the thief within the rule set forth in section 1111 of the Penal Code requiring corroboration of the testimony of an accomplice. (*People* v. *Williams,* 7 Cal. App. (2d) 600 [46 Pac. (2d) 796].)

No other error being urged or appearing in the record, the judgment and order appealed from are and each is affirmed.

Moore, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 14, 1940. Carter, J., voted for a hearing.