[Crim. No. 5055. Second Dist., Div. Three. Jan. 18, 1954.]

THE PEOPLE, Respondent, v. LESLIE GULLICK THOMPSON et al., Appellants.

Smith & Wymore and Milo S. Smith for Appellant Thompson.

John J. Bradley and Max Solomon for Appellant Lazarus.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, S. Ernest Roll, District Attorney (Los Angeles), and Jere J. Sullivan, Deputy District Attorney, for Respondent.

SHINN, P. J.—Appeals by Leslie Gullick Thompson and Rube Lazarus from multiple convictions for violations of section 6200 of the Government Code, and from orders denying their motions for new trial.

By section 6200 of the Government Code it is made a felony for an officer, having custody of a public record or paper, to steal, destroy, secrete or mutilate the same.[1] By section 6201 of the Government Code any person not an officer committing any of said acts is punishable as for a felony or a misdemeanor.[2] By information defendants were jointly charged in separate counts with nine offenses of violation of section 6200, and with nine offenses of violation of section 6201. The acts charged were the stealing, removing, destroying and secreting of certain traffic citation complaints on file with the traffic division of the municipal court. It was alleged, and was a fact, that Thompson was at the time a civil service employee, namely, a deputy clerk of said court, having custody of said traffic records. It was alleged in each count that

---

[1] Sec. 6200. ''Stealing, removing, altering, or destroying: Penalty. Every officer having the custody of any record, map, or book, or of any paper or proceeding of any court, filed or deposited in any public office, or placed in his hands for any purpose, who is guilty of stealing, wilfully destroying, mutilating, defacing, altering or falsifying, removing or secreting the whole or any part of such record, map, book, paper, or proceeding, or who permits any other person to do so, is punishable by imprisonment in the State prison not less than one nor more than 14 years.''

[2] Sec. 6201. ''Same: Offense by person not officer: Punishment. Every person not an officer referred to in Section 6200, who is guilty of any of the acts specified in that section, is punishable by imprisonment in the State prison not exceeding five years, or in a county jail not exceeding one year, or by a fine not exceeding one hundred dollars ($100), or by both such fine and imprisonment.''

defendant Lazarus willfully and feloniously aided and abetted in the commission of the charged offenses. Defendants were convicted of eight counts of violation of section 6200; they were acquitted of the offenses of violation of section 6201. Proceedings were suspended and the defendants were placed on probation.

As to defendant Lazarus, whose guilt consisted only of aiding and abetting defendant Thompson, it is contended that ". . . said section 6200 applies exclusively to officers having custody of the papers described in said section and appellant Lazarus is not such a person," and it is said that since section 6201 denounces as a crime the theft or destruction of a public record by one not an officer, section 31 of the Penal Code[3] cannot operate to make him a principal in the offenses charged against Thompson. It is not questioned by Lazarus that the evidence was sufficient to prove that he aided and abetted Thompson in the commission of the offenses of which they were convicted. His participation in those offenses would normally make him a principal under section 31, but, says Lazarus, section 31 does not apply because he could have been convicted of violation of section 6201, a lesser offense in the eyes of the law, which was prescribed by the Legislature for exclusive application to the case of one not an officer who steals, destroys, secretes or mutilates a public record or paper. The effect of the enactment of section 6201, as contended for by Lazarus, would be to create an exception to the broad provisions of section 31, since it must have been the intention of the Legislature to make the nonofficer punishable only for commission of the lesser offense. We are unable to agree with this contention.

In final analysis the appeal of Lazarus rests upon certain language in *People* v. *Clapp*, 24 Cal.2d 835, 838 [151 P.2d 237]: "If a statutory provision so defines a crime that the participation of two or more persons is necessary for its commission, but prescribes punishment for the acts of certain participants only, and another statutory provision prescribes

[3]Sec. 31. "Who are principals. All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission, and all persons counseling, advising, or encouraging children under the age of fourteen years, lunatics or idiots, to commit any crime, or who, by fraud, contrivance, or force, occasion the drunkenness of another for the purpose of causing him to commit any crime, or who, by threats, menaces, command, or coercion, compel another to commit any crime, are principals in any crime so committed."

punishment for the acts of participants not subject to the first provision, it is clear that the latter are criminally liable only under the specific provision relating to their participation in the criminal transaction. The specific provision making the acts of participation in the transaction a separate offense supersedes the general provision in section 31 of the Penal Code that such acts subject the participant in the crime of the accused to prosecution for its commission.'' It was held in that case that since section 275 of the Penal Code prescribes punishment for a woman who submits to an illegal abortion, and section 274 does not, the woman in question was subject to prosecution for an offense distinct from the crime of abortion, that she was not subject to prosecution as a principal in the act of abortion proscribed by section 274 of the Penal Code and therefore was not an accomplice of the doctor. This doctrine was extended, in *People* v. *Buffum*, 40 Cal.2d 709 [256 P.2d 317], to a charge of conspiracy to commit abortions, where it was held that the conspiring women were not accomplices of the doctor and another who conspired with him.

The opinions in those cases should be read in the light of the facts outlined in the foregoing quotation. The case of the defendants is different. The rule there announced is that section 31 is superseded when it affirmatively appears from the legislation itself that the section was not intended to have application. The court was of the opinion that such intention was manifested by the omission from section 274 of a prescribed punishment for the woman who would of necessity be a participant in the offense of abortion and by the enactment of section 275, which prescribes punishment for submitting to an abortion. Unless we are mistaken the reasoning of the court would not apply to an offense which did not require the participation of two or more persons.

The offense defined in section 6200 is not one in which two or more persons necessarily participate. Section 6201 does not relate to participation by a nonofficer with an officer in a violation of section 6200. Since a violation of section 6200 could be committed by one person alone there was no occasion to prescribe punishment for a nonofficer who might be a participant. Hence there is no significance in the omission from the section of a prescribed punishment for one not an officer who might participate in the act.

Inasmuch as the Clapp and Buffum cases are not in point we think there is no authority for the proposition that one

who aids and abets another in the commission of a crime may not be prosecuted as a principal if, perchance, he would have been subject to prosecution for a lesser offense if he, alone, had committed the forbidden act. If it does not affirmatively appear from the legislation that the law which prescribes punishment for the lesser offense was intended to exclude prosecution for the greater, such an intention cannot be read into it by way of interpretation. So far as the offenses of the defendants are concerned we cannot discover in the scheme of sections 6200 and 6201 an implied intention of the Legislature to excuse a nonofficer who aids and abets an officer in a violation of section 6200 from any of the consequences which would fall upon the latter. The officer's crime involves a breach of trust and for that reason is made a more serious offense than a like act of a nonofficer. When the latter aids and abets in a violation of section 6200, in the eyes of the law he places himself in the category of an officer and becomes a principal in the greater crime by virtue of section 31. We conclude that Lazarus was properly convicted as a principal in the violations of section 6200.

The appeal of Thompson raises the single point that there was insufficient evidence to prove his guilt. The brief of this appellant does not comply with rule 15(a), Rules on Appeal. It does not purport to contain or refer to the evidence touching upon appellant's participation in the acts charged. The information charged destruction of traffic citation complaints issued against Nevius, Powell, San Juan Baca, Cosgrove, Hollingsworth, Hood, DeForest, Creswell and Cohen. All these persons testified for the People. As to their testimony and that of all the other witnesses except Deputy Clerk Stoneman appellant's brief says their testimony ". . . at best shows the commission of the offenses or the circumstances thereof." The brief does not enlighten us as to the evidence of the ". . . commission of the offenses or the circumstances thereof," which is of considerable importance when an appellant relies solely upon a claim of insufficiency of the evidence.

In his argument appellant merely says that Lazarus was an accomplice and that he (Thompson) could not be convicted upon the uncorroborated testimony of an accomplice. Lazarus did not testify, nor did Thompson.

Since it is not questioned by appellant Thompson that eight of the nine complaints on file were destroyed, there is no need to refer to the evidence of their destruction. Police officers testified that Lazarus admitted having taken the cita-

tions from the complaining witnesses, together with their money, and to having given the citations to Thompson and divided the money with him. A book kept by Lazarus in which he recorded the several transactions was placed in evidence. Although the admissions of Lazarus to the officers fully implicated Thompson in the scheme we presume they were not offered as against Thompson.

Lazarus operated a parking lot opposite the traffic court. The scheme was that he would take citations from the citees, with money for fines, give the citations to Thompson, who would manage to dispose of the matters by removing the complaints from the files. Whatever money was saved would be divided between Lazarus and Thompson.

■ George Stoneman, a deputy clerk of the municipal court, testified to conversations with Lazarus and Thompson. He talked with Thompson in the presence of several officers. Thompson said he began working with Lazarus when the latter collected $4.00 for a taillight violation. He, Thompson, took the citation, got a fine suspended and divided the $4.00 equally with Lazarus; he said he had been engaged in the practice about three and a half months; Lazarus would place the citations under the floor mat of his (Thompson's) car; as soon as he could he would remove the record from the files in the master control, indicating that the citation had been taken to court; he destroyed the original citations; he had done this 30 or 40 times; he would get 50 per cent of the money. There was other evidence that Thompson had custody of the records, although not exclusive custody, and that they had been removed or destroyed. The evidence of the People was explicit as to the destruction of the records in question. The admissions of Thompson, with the circumstantial evidence, was legally sufficient to prove his guilt of the offenses charged. It was fortified by the fact that he did not take the stand.

The judgments and the orders denying the motions for new trial are affirmed.

Wood (Parker), J., concurred.

VALLÉE, J.—I concur in the opinion and judgment as to Thompson. I would reverse the judgment as to Lazarus.

A petition for a rehearing was denied February 2, 1954. Vallée, J., was of the opinion that the petition should be granted. Appellant's (Lazarus) petition for a hearing by the Supreme Court was denied February 17, 1954.